UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ELMOTEC STATOMAT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-CV-76-TS |
| | ) | |
| LOWRY HAYWOOD & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Amend Complaint [DE 21], filed on April 8, 2009. The Plaintiff seeks to amend his Complaint by adding a second cause of action. The Defendant filed a Response in Opposition [DE 23] on April 23, 2009. The time for the Plaintiff's Reply has passed.

The Plaintiff filed the Complaint on March 4, 2008, in Allen Superior Court. The Defendant removed the case to federal court on March 31 under diversity jurisdiction. The Complaint alleges negligence by the Plaintiff's insurer.

Once responsive pleadings have been filed in a case, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Plaintiff seeks to add to the Complaint a second count of bad faith for price setting.

Specifically, the proposed Amended Complaint alleges that the Defendant and Travelers Insurance Company and/or Charter Oak Insurance Company "artificially set premiums at a level that did not bear a significant relationship to the insurance coverage provided," and that they charged the Plaintiff "an excessive premium." (Proposed Am. Compl. ¶¶ 27, 30.) The Plaintiff alleges that the Defendant's conduct was willful, wanton[,] and exhibited bad faith in charging excess premiums. (*Id.* ¶ 32.) The Plaintiff seeks punitive damages for this proposed second count.

The Plaintiff states that it learned about this information during discovery and then looked into the matter before determining that a second count would be appropriate. The proposed Amended Complaint references an email "labeled as Exhibit 'A,'" that allegedly shows the Defendant and others planning to artificially inflate the Plaintiff's insurance rates. (*Id.* ¶ 29.) The email is from a person working at the Defendant and is addressed to a person working at Travelers Insurance. It states in part: "Your price is too low. You can have the entire account . . . . I would prefer that this increase be on the package somewhere so we can justify moving the WC." (Sept. 17, 2002, Email, Supplement/Ex. A, DE 25.)

The Defendant disputes the Plaintiff's timing explanation and argues that the proposed addition does not state a proper basis for a claim in general. The Defendant states that July 15, 2008, was the deadline to amend the pleadings. The Defendant also states that it provided the referenced email in September 2008, seven months before the Plaintiff's request to amend its Complaint. The Defendant also argues that the proposed Amended Complaint and the referenced email do not state or provide a proper cause of action.

This Motion comes about a year after the Complaint was originally filed, but that delay is

2

mitigated by the fact that the Plaintiff has made clear that it only learned about the information underlying the second count during discovery. The Plaintiff did not state that the referenced email was the only and exact piece of information that led it to formulate a second count for an Amended Compliant, so the record is not sufficient for the Court to conclude that the Plaintiff's actions were dilatory. The Defendant did not argue that it will be prejudiced in any way by the Amended Complaint, and there is an opportunity for both parties to conduct discovery regarding this second count for a few more months, since discovery does not close until June 15. As a result, it does not appear that there will be any undue prejudice to the Defendant.

The Court disagrees with the Defendant that the proposed Amended Complaint does not state a proper claim against the Defendant. The first count alleges negligence or insurance malpractice relating to the Defendant allegedly not soliciting information from the Plaintiff and allegedly not making proper recommendations to the Plaintiff to ensure it was covered by insurance for events such as the fire that occurred. The second count states a different claim: bad faith in the form of collaborating with one or more other companies to set the Plaintiff's rates artificially too high. Negligence or malpractice, on the one hand, and bad faith, on the other hand, are different causes of action. The proposed Amended Complaint is not too vague, and it puts the Defendant on notice of the cause of action. Under the *Twombly* standard, the email does not have to prove the claim, and the Plaintiff does not have to list every bit of evidence or basis for its new claim. Finally, contrary to the Defendant's claim that the Amended Complaint is only directed at Travelers and Charter Oak, the proposed Amended Complaint clearly alleges that the Defendant *and the two other companies* engaged in bad faith conduct, as stated in the following: "[T]he Plaintiff has been the victim of a *plan devised* by the Defendant Lowry Haywood

3

*together with the help of Travelers Insurance Company and/or Charter Oak Insurance Company*." (Proposed Am. Compl. ¶ 30) (emphasis added).

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend Complaint [DE 21] is GRANTED, and the Clerk is DIRECTED to file the Amended Complaint, which is attached to the Plaintiff's Motion, as of the date of this Opinion and Order.

So ORDERED on May 7, 2009.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
